United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JOHN BROSNAN,

Plaintiff,

v.

BURROUGH AND SONS AUTOMOTIVE, INC.,

Defendant.

Case No. 24-cv-03667-SI

**ORDER DISMISSING CASE WITHOUT PREJUDICE FOR FAILURE TO PROSECUTE AND DENYING MOTION FOR DEFAULT JUDGMENT**

Dkt. No. 37

On July 31, 2026, the Court held a hearing on self-represented plaintiff John Brosnan's motion for default judgment. Brosnan did not appear at the hearing, nor did he contact the Court's Clerk to request a continuance or otherwise explain his absence. Based upon Brosnan's failure to comply with court orders as well as his failure to prosecute this case, the Court has determined that it is appropriate to dismiss this case without prejudice pursuant to Federal Rule of Civil Procedure 41(b). The Court also DENIES plaintiff's motion for default judgment.

The Court recounts the relevant procedural history that reflects Brosnan's noncompliance with court orders and failure to prosecute. Brosnan filed this case on June 18, 2024, against defendant Burrough and Sons, an automotive repair business in El Sobrante, California, alleging a single cause of action under the Americans with Disabilities Act ("ADA") for failure to have a disabled parking space. The complaint listed a Los Angeles address for Brosnan. Dkt. No. 1.

The case was initially assigned to Magistrate Judge Spero. On October 22, 2024, Brosnan moved for entry of default, and on February 21, 2025, Brosnan moved for default judgment seeking

$5,500 in damages as well as injunctive relief. Dkt. Nos. 6, 8. Both motions listed the same Los Angeles address for Brosnan as the address on the complaint. *Id*. On March 13, 2025, Judge Spero issued a Report and Recommendation finding that the allegations of the form complaint were too vague to determine whether there was an ADA violation or if Brosnan had standing for injunctive relief, and noting that the ADA only provided for injunctive relief and not damages. Judge Spero recommended that Brosnan's motion for default judgment be denied and that Brosnan be allowed to file an amended complaint, and Judge Spero requested reassignment of this case to a district court judge.

The case was reassigned to this Court on March 13, 2025, and on April 4, 2025, the Court adopted Judge Spero's Report and Recommendation, denied the motion for default judgment, and granted leave to file an amended complaint. Dkt. No. 13. After Brosnan filed an amended complaint that only asserted an ADA claim,[1] the Court held an initial case management conference and explained to Brosnan that he could not seek Unruh Act damages because he had not alleged a claim under that statute. Dkt. No. 17. The Court granted Brosnan leave to file a second amended complaint ("SAC"), and Brosnan filed the SAC on July 22, 2025. Dkt. No. 18. The SAC is the operative complaint and alleges claims under the ADA and the Unruh Act.

On September 15, 2025, the Court held a case management conference and explained to Brosnan he had not properly served the SAC, and that after he did so, he should request entry of default and move for default judgment. Dkt. No. 23. After Brosnan filed a proof of service, the Court issued an order on November 4, 2025, again advising Brosnan that the next steps were to seek entry of default and then default judgment. Dkt. No. 30. The Court set a deadline of November 14, 2025 for Brosnan to seek entry of default. *Id.*

Brosnan did not seek an extension of the deadline, but on December 7, 2025, he requested that the Clerk enter default. Dkt. No. 31. The Clerk entered default on December 10, 2025. Dkt. No. 32. Brosnan did not take any further action in the case, and the Court set a status conference

[1] The amended complaint listed a Pinole, California address for Brosnan. Dkt. No. 14. Starting with the amended complaint, Brosnan has listed either a Pinole or an El Sobrante address on his pleadings.

for February 20, 2026. Dkt. No. 33. The Court held the status conference on February 20, 2026, and Brosnan did not appear, nor did he inform the Court that he could not or would not appear. Dkt. No. 34. That same day, the Court issued an order noting Brosnan's non-appearance and again advising Brosnan that he needed to file a motion for default judgment. Dkt. No. 36. The order also stated, "In connection with his motion, Mr. Brosnan must file a declaration under penalty of perjury stating where he is living and how long he has been living there." *Id.* The Court sought clarity on where Brosnan lives because his residence is relevant to whether Brosnan has standing to bring a claim under the ADA, and the ADA claim is the basis for this Court's federal jurisdiction.

On April 20, 2026, Brosnan filed the current motion for default judgment. Dkt. No. 37. The motion seeks $5,500 in damages and does not seek injunctive relief. In response to the February 20, 2026 order, Brosnan filed a declaration stating "I am living in my vehicle, I don't remember the exact date it started, location changes daily." *Id.*

In an order filed July 7, 2026, the Court continued the hearing on Brosnan's motion for default judgment, found that the declaration did not comply with the February 20, 2026 order, and directed Brosnan to file a supplemental declaration "stating what city or cities he is living in and how long he has been living in those locations, and explaining what his relationship is/was" to the three addresses associated with plaintiff in the docket. Dkt. No. 41. Brosnan did not file a declaration, and as stated earlier, he did not appear for the July 31, 2026 hearing scheduled on his motion for default judgment.

As this recounting of the procedural history of this case demonstrates, Brosnan has failed to comply with court orders, failed to appear at several scheduled hearings without explanation, and failed to prosecute this case. The Court needs to manage its docket and the public has an interest in the expeditious resolution of litigation. Since the inception of this litigation, it has not been clear whether Brosnan actually has standing to seek injunctive relief under the ADA, and the Court notes that current motion for default judgment does not seek injunctive relief. Thus, while there is a public policy favoring disposition of cases on the merits, Brosnan's failure to comply with court orders has frustrated the Court's ability to reach the merits. For these reasons, the Court finds it appropriate to dismiss this case without prejudice pursuant to Federal Rule of Civil Procedure 41(b) and DENIES

the pending motion for default judgment.

**IT IS SO ORDERED**.

Dated: August 4, 2026

SUSAN ILLSTON
United States District Judge

United States District Court
Northern District of California